UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OSCAR ABELENDA, | : | |
| | : | |
| Petitioner, | : | Civ. No. 13-5355 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JORDAN HOLLINGSWORTH, et al., | : | |
| | : | |
| Respondents. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal inmate currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Section 2241 states in relevant part:

  (a)  Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
  (c)  The writ of habeas corpus shall not extend to a prisoner unless –
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
    (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
    (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

The Court construes the petition as a request for relief from an immigration detainer. For the following reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction.

## II.     BACKGROUND

Petitioner is a sixty-five year old Cuban national who came to the United States in 1967. An immigration judge ordered petitioner removed in 1991. In 2006, while petitioner was serving his current federal sentence, Immigration and Customs Enforcement ("ICE") lodged a detainer against petitioner with the Bureau of Prisons. Petitioner is not due to be released from his federal sentence until September 17, 2014. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=oscar+&Middle=&LastName=abelenda&Race=U&Sex=U&Age=&x=0&y=0 (last visited Sept. 27, 2013).[2]

In September, 2013, petitioner filed the instant federal habeas petition. He claims that the government is barred from further proceedings against him as to his removability. According to petitioner:

> the government is barred from initiating further and new proceedings against him as to his removability, when an order of removal has already been issued, however, petitioner's removal has not been affected, due to no fault of his, but rather due to a lack of a repatriation agreement with Cuba, and further, these circumstances that prevent his deportation and removal continue unchanged since the date of issuance of said order, nor is there a reasonable indicia of change in the foreseeable future, since, upon knowledge and belief, there does not exist any talks between Cuba and the United States[.]

---

[2] The Court takes judicial notice of petitioner's projected release date from the Federal Bureau of Prisons Inmate Locator website. *See Walsh v. Zickefoose*, No. 12-3961, 2013 WL 504600, at *6 (D.N.J. Feb. 8, 2013) (taking judicial notice of federal prisoner's projected release date from inmate locator website); *Obi v. Hogsten*, No. 05-2531, 2006 WL 42175, at *1 (M.D. Pa. Jan. 6, 2006) (taking judicial notice of prisoner's release date from Bureau of Prisons inmate locator website).

(Dkt. No. 1 at p. 16.) He further states that his removal was effectively stayed in 1992 due to a lack of repatriation agreement with Cuba. (*See id.* at p. 4.)

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

In order to obtain habeas jurisdiction, petitioner must demonstrate that he was "in custody" pursuant to 28 U.S.C. § 2241(c)(3). "Custody is measured as of the time that the petition was filed." *Henry v. Chertoff*, 317 F. App'x 178, 179 (3d Cir. 2009) (per curiam). When petitioner filed the instant petition, he was, and still remains, serving his federal sentence. Petitioner fails to show that he is being held pursuant to the immigration detainer. Therefore, petitioner was not "in custody" for purposes of establishing habeas jurisdiction over the

3

immigration proceedings. *Accord id; see also Cena v. Hollingsworth*, No. 13-4489, 2013 WL 4039024, at *1 (D.N.J. Aug. 7, 2013).

When a petition is dismissed for lack of jurisdiction, courts have discretion to transfer that petition to a court that has jurisdiction. Under 28 U.S.C. § 1631:

> Whenever a . . . petition for review of administrative action, is noticed or filed with a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

In this case, the Court will not transfer the petition. As previously explained, petitioner is still serving his federal sentence and is not in immigration custody. Moreover, the Court does not find it in the interest of justice to transfer this petition to the Third Circuit as a potential petition for review as petitioner was ordered removed over twenty years ago.

## V.     CONCLUSION

The instant habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.

DATED: September 30, 2013

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge